IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICK S. GILES,<br>            Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | Case No. 2:12-CV-00025-DBP |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Magistrate Judge Dustin B. Pead |

Plaintiff appeals the Commissioner of Social Security's decision denying his claim for Disability Insurance Benefits (DIB) under the Social Security Act (the Act), 42 U.S.C. §§ 401-33. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court AFFIRMS the Commissioner's decision.

## PROCEDURAL HISTORY

Plaintiff, born in 1972, applied for disability benefits in July 2009, alleging disability since February 2006, due to the residual effects of a self-inflicted gunshot wound to his left lower leg (*see, e.g*., Tr. 74, 146, 150, 213). His application was denied initially, on reconsideration, and, after an administrative hearing, by an administrative law judge (ALJ) (Tr. 11-19). The Appeals Council denied Plaintiff's request for review (Tr. 1-5), making the ALJ's decision the final decision of the Commissioner for purposes of this Court's review. *See* 20 C.F.R. § 422.210(a). This appeal followed.

## STATEMENT OF RELEVANT LAW

I.      **Definition of disability under the Act**

The Act states that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to

do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

42 U.S.C. § 423(d)(2)(A).  The disabling impairment must last, or be expected to last, for at least 12 consecutive months.  *See Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002).

## II.        Process for determining disability under the Act

To determine whether a claimant is disabled, Social Security regulations set forth a five-step sequential evaluation process.  That process requires the adjudicator to consider whether a disability claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition that met or medically equaled the severity of a listed impairment; (4) could return to his past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4).  If a decision regarding the claimant's disability can be reached at any step in the sequential evaluation process, further evaluation is unnecessary.  *See* 20 C.F.R. § 404.1520(a)(4).

## III.       Standard of review

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (internal quotation and citation omitted).  The Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.  *Id.*  Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## DISCUSSION

There is no dispute in this case that Plaintiff's had impairments – namely a gunshot wound that resulted in atrophy, denervation, decreased sensation, and a slight limp – that significantly, and negatively, impacted his ability to work.  Thus, the case turns of the severity of Plaintiff's resultant work-related limitations.  *See Walton*, 535 U.S. at 214-15 (stating claimant must have functional limitations that preclude all work for at least 12 consecutive months).  The ALJ found Plaintiff had a number of limitations, just not of the degree Plaintiff alleged given the medical evidence of record, large gaps in treatment, and Plaintiff's activities (Tr. 17-18). Ultimately, the ALJ limited Plaintiff to sedentary work (Tr. 16, Finding 5) and found he could not perform his past work (Tr. 18, Finding 6), but that he was not disabled because there were other (sedentary) jobs existing in significant numbers in the national economy he could perform given his limitations (Tr. 19, Finding 10).  Plaintiff disputes the ALJ's weighing of the medical opinion evidence and the ALJ's interpretation of medical expert testimony.  For the reasons discussed below, the Court's rejects Plaintiff's arguments and affirms the ALJ's decision.

I.      **The ALJ reasonably discounted the opinion issued by Ms. Steele and Dr. Johnson in November 2010.**

In November 2010, Sabrina Steele, PA-C, a physician's assistant to Mark Johnson, M.D., completed a functional capacities evaluation form at the request of Plaintiff's attorney (Tr. 263-65).  She opined that Plaintiff could not complete a full work week because of his "extreme" pain, would have several hours of concentration or memory lapses, and would be expected to have 30 absences from work per month (Tr. 263-65).  Dr. Johnson signed off on the evaluation form (Tr. 265).  The ALJ expressly considered this opinion, but accorded it "little" weight (Tr. 18).

Plaintiff argues that the ALJ erred in discounting the opinion because (1) he attributed the opinion only to Ms. Steele, without recognizing that Dr. Johnson also signed the form (Plaintiff's Brief (Pl. Br.) at 5, 7-8); and (2) he misapplied the regulatory factors for weighing medical opinions (Pl. Br. at 6-8).  While the Court sympathizes with Plaintiff's arguments, they are ultimately unpersuasive under substantial evidence review.

In assessing the opinions of both physicians and physician assistants, an ALJ considers several factors: the nature of the source's relationship with the claimant, the support the source provides for the opinion, the opinion's consistency with other evidence in the record, the source's medical specialty, and "any other factors which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(c)[1] (weighing acceptable medical source testimony); Social Security Ruling (SSR) 06-03p, 2006 WL 2329939, at *3-5 (ALJ should evaluate the opinions of non-acceptable medical sources, like physician assistants, and may use the § 404.1527(c) factors in doing so).  The ALJ must explain the weight given to a physician's opinion and give good reasons in the decision for the weight given. *See* 20 C.F.R. § 404.1527(c)(2); *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004).

In discounting the November 2010 opinion in this case, the ALJ attributed it only to Ms. Steele and stated she did not have the expertise of other examining doctors (Tr. 18).  While this was inaccurate since Dr. Johnson signed off on the opinion (*see* Tr. 265), the ALJ cited three other reasons for discounting the opinion: The ALJ explained that the opinion was conclusory, inconsistent with the other evidence of record, and based on Plaintiff's subjective complaints

---

[1] Until March 2012 the regulation was cited as 20 C.F.R. § 404.1527(d). In March, the regulation was modified and is now § 404.1527(c).  Similarly, the prior § 404.1527(e) is now § 404.1527(d), and the prior § 404.1527(f) is now § 404.1527(e).  There was no substantive change.  *See* 77 Fed. Reg. 10,651, 10,656-57 (February 23, 2012).

(Tr. 18).  As discussed below, these were good reasons supported by substantial evidence for discounting the November 2010 opinion.

The ALJ reasonably found the opinion to be conclusory.  *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."); *accord Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (a treating physician's report may be rejected, if it is brief, conclusory, and unsupported by medical evidence).  Other than stating Plaintiff had a "moderately severe impairment w/ one exam showing atrophy of calf and nerve damage" (Tr. 263), the remainder of the opinion consisted solely of responses to checkboxes (Tr. 263-65).  The opinion did not link Plaintiff's atrophy or nerve damage to such extreme limitations as only being able to sit, stand, or walk for 15 minutes at a time (Tr. 263); being unable to concentrate on or remember work instructions (Tr. 264); or needing to miss 30 days of work per month (Tr. 265).  Nor did opinion contain an explanation as to how the diagnosis of a "moderately severe" impairment produced such extreme limitations (Tr. 264).  And Ms. Steele's later treatment notes did not provide an explanation for the opinion, as they mostly documented Plaintiff's subjective complaints and simply noted that Plaintiff had left calf atrophy and a "slight" limp (Tr. 243-44, 269-74).

The ALJ also reasonably found the opinion was "not supported in and . . . out of proportion with the objective medical record" (Tr. 18).  *See* 20 C.F.R. § 404.1527(c)(4) (stating an ALJ must consider whether an opinion is consistent with the record as a whole); *cf. Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably discounted treating physician opinion which was inconsistent with other medical evidence).  For instance, Janet

Balbierz, M.D.'s testing and examination in 2008 showed a moderately severe tibal nerve injury with ongoing denervation and decreased sensation, but normal motor units, good lower limb strength, and normal reflexes (Tr. 221-22).  Similarly, Joseph Nelson, D.O., examined Plaintiff in 2009 and noted he had sensory changes and atrophy, but that he had appropriate strength and the ability to walk on his heels and toes and get on and off of the examination table without difficulty.  Dr. Nelson opined that Plaintiff had no limitations, especially when sitting (Tr. 257).  The state agency physicians who reviewed the evidence found Plaintiff either did not have a severe physical impairment (Tr. 259-60) or could perform medium work (Tr. 225-32).

Furthermore, the evidence showed that, during the time period of his alleged disability, Plaintiff engaged in activities such as lifting a piano, performing chores for two hours each morning, caring for three children, and cooking for the family, and he said he could concentrate indefinitely and shop for an hour each week (Tr. 168-76, 221).  *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994) (claimant's daily activities were a reason for rejecting treating physician's opinion that the claimant was totally disabled).  As the ALJ also noted (Tr. 17), Plaintiff did not seek any treatment at all for his allegedly disabling impairments from February 2006 to July 2008 or from November 2008 to September 2010.  *See generally, e.g.*, *Barnett v. Apfel*, 231 F.3d 687, 690 (10th Cir. 2000) (noting a claimant was not treated by her physicians in the nine months preceding the administrative hearing).  Accordingly, the ALJ's finding that the November 2010 opinion was inconsistent with the other evidence of record is supported by substantial evidence.

Finally, the ALJ explained that the November 2010 opinion was based on Plaintiff's incredible subjective complaints (Tr. 18).  *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and

laboratory findings, the more weight we will give that opinion."); *accord White v. Barnhart*, 287 F.3d 903, 907-08 (10th Cir. 2002) (ALJ reasonably discounted a treating physician's opinion which was based on the claimant's subjective assertions rather than objective medical evidence). The ALJ's finding is a natural conclusion of his previous two findings: that the opinion was conclusory (i.e., did not sufficiently explain how the objective medical signs and laboratory findings supported her conclusions) and inconsistent with the rest of the evidence (i.e., was the only opinion to state that Plaintiff was unable to perform at least sedentary work). Rather, the opinion is consistent with Plaintiff's subjective complaints to her during his November 2010 office visit, just one day before Ms. Steele filled out the evaluation (Tr. 270). At that visit, Plaintiff told Ms. Steele that: he was "not able to work due to the neuropathy"; "[h]e ha[d] to constantly sit down, then stand up and stretch, then walk for a few minutes, then sit back down"; and "he has to take several naps per day" (Tr. 270). These subjective complaints are reflected directly in the November 2010 evaluation (Tr. 263-65), and Plaintiff did not dispute the ALJ's finding that his subjective complaints were not fully credible (Tr. 17).

Since the ALJ cited a number of reasons that were supported by substantial evidence for discounting the November 2010 opinion, the Court must reject Plaintiff's argument the ALJ's failure to attribute the opinion to Dr. Johnson constituted reversible error.

The Court must also rejected Plaintiff's argument that the ALJ misapplied the regulatory factors in discounting the opinion. Pl. Br. at 6-8. Plaintiff's arguments regarding the ALJ's application of the factors for evaluating medical opinions ask the Court to reweigh the evidence, which it cannot do under substantial evidence review. *See Lax*, 489 F.3d at 1084 (explaining that a court may neither reweigh the evidence nor substitute its judgment for that of the ALJ). Moreover, the Tenth Circuit has explicitly rejected Plaintiff's contention that the ALJ is required

to articulate and apply each of the factors set forth in 20 C.F.R. § 404.1527(c).  *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) ("[A]n ALJ's decision [is <u>not</u> required] to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion."). As discussed, the ALJ cited a number of good reasons supported by substantial evidence for discounting the November 2010 opinion.  Thus, his decision should be affirmed.

## II.    The ALJ reasonably interpreted the vocational expert's testimony.

Plaintiff argues that the ALJ misinterpreted the medical expert's testimony regarding his pain complaints.  Pl. Br. at 8-11.  However, the ALJ is the finder of fact, and his interpretation of Dr. Morrison's testimony in this case was a reasonable one (Tr. 18, 81).  *See generally, Ellison*, 929 F.2d at 536 (explaining that where the evidence can support either the agency's decision or an award of benefits, the agency's decision must be affirmed).  Thus, the Court finds that the ALJ's decision is supported by substantial evidence and should be affirmed.

## CONCLUSION

Having determined that the Commissioner's decision is supported by substantial evidence and free from legal error, the Commissioner's decision is hereby AFFIRMED.  Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

It is so ordered.

Dated this  20th  day of December, 2012.

_____
DUSTIN B. PEAD
UNITED STATES MAGISTRATE JUDGE